Receipt No. 076163

ORIGINAL

FILED
JAN 24 2014
U.S. COURT OF
FEDERAL CLAIMS

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

PAULINE M. STATHIS, Individually and )
as Guardian for CHRISTINA M. STATHIS, )
                                                                                               )
19 Catherine Circle )
Stow, Massachusetts 01775 )
                                                                                               )
and )
                                                                                               )
GUS J. STATHIS and PAULINE M. STATHIS, )
Trustees of the Christina M. Stathis Special Needs Trust, )
                                                                                               )
19 Catherine Circle )
Stow, Massachusetts 01775 )
                                                                                               )
            Plaintiffs, )
                                                                                                 )   No. 14-61C
v. )
                                                                                               )
THE UNITED STATES OF AMERICA, )
                                                                                               )
            Defendant. )

## COMPLAINT

Plaintiffs, Pauline M. Stathis, Individually and as Guardian for Christina M. Stathis and Gus J. Stathis and Pauline M. Stathis, Trustees of the Christina M. Stathis Special Needs Trust, by and through counsel, for Complaint against the Defendant, The United States of America, state:

### PARTIES AND JURISDICTION

1.     Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1491 (the Tucker Act) as this lawsuit is founded upon an express contract between Plaintiffs and the United States. The contract was executed by a government representative who had actual authority to bind the United States.

2. Gus J. Stathis and Pauline M. Stathis ("the Stathises") reside in the Commonwealth of Massachusetts.

3. The Stathises are the parents of Christina M. Stathis. The Stathises are the Trustees of the Christina M. Stathis Special Needs Trust.

## FACTUAL ALLEGATIONS

4. Christina Stathis suffered severe injuries during her birth at Walter Reed Army Medical Center in 1981.

5. In 1984, the Stathises filed a Complaint under the Federal Tort Claims Act against the United States of America, alleging that Christina Stathis's injuries were caused by medical malpractice.

6. On or about, December 13, 1985, the United States and the Stathises entered into a settlement agreement ("the Agreement"), which the United States drafted, wherein in exchange for a release and discharge of the United States, the Stathises accepted monetary awards from the United States. The awards include a cash payment of $245,000.00 and the purchase of an annuity (the "Annuity").

7. The Agreement states that the Annuity "will be owned solely and exclusively by the United States, and will result in a distribution on behalf of the United States" in a certain manner.

8. The Agreement requires annual annuity payments to Pauline Stathis and Christina Stathis jointly in the following manner: 1) five yearly payments of $40,000.00 beginning one year after the purchase of the Annuity; then 2) five yearly payments of $50,000.00; then 3) five yearly payments of $60,000.00; then 4) five yearly payments of $70,000.00; then 5) five yearly

payments of $80,000.00; then 6) commencing twenty-six years after the purchase of the annuity, yearly payments of $90,000.00 for the remainder of the natural life of Christina Stathis.

9. On or about January 14, 1986, the United States, pursuant to the Agreement, purchased the Annuity from Executive Life Insurance Company of New York ("ELNY").

10. In 2002, the Agreement was amended so that periodic payments are now made to the Christina M. Stathis Special Needs Trust ("the Trust").

11. The annual payments required by the Agreement were received by the Stathises from January 15, 1987 to January 15, 2013. Currently, the Agreement requires distributions to the Trust in the amount of $90,000.00 annually for the remainder of Christina Stathis's natural life.

12. On April 16, 2012, ELNY was found by the Supreme Court of the State of New York to be insolvent. The Court approved a Restructuring Agreement whereby ELNY's business and affairs were liquidated. ELNY's remaining assets were transferred to Guaranty Association Benefits Company ("GABC"). GABC is responsible for making payments to payees and beneficiaries in accordance with the Restructuring Agreement.

13. By letter dated December 10, 2013, GABC notified the Stathises that the Trust will receive a payment of $38,151.00 on January 15, 2014 and then on the 15th of each January for Christina's lifetime.

14. By letters dated December 6, 2013 and December 17, 2013, the Stathises, through counsel, notified the United States of the anticipated $51,849.00 shortfall in the January 15, 2014 payment and called upon the United States to make up the shortfall as required by the Agreement.

15. By letter dated December 30, 2013, the United States denied any obligation to make up the deficiency in the required $90,000.00 payment.

16. On or about January 15, 2014, in lieu of the $90,000.00 annual benefit due under the Agreement, the Stathises received a payment of $38,151.00 from the GABC, a deficiency of $51,849.00.

17. There is presently due and owing the sum of $51,849.00 to plaintiffs from the United States for the January 15, 2014 annuity payment.

## CAUSE OF ACTION

### (BREACH OF EXPRESS CONTRACT)

18. The Stathises hereby incorporate by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

19. The United States is obligated under the Agreement to ensure that the Annuity obtained by the United States does result in a payment to Plaintiffs in the amount of $90,000.00 on January 15, 2014.

20. In breach of the Agreement, the payment to Plaintiffs on January 15, 2014 was $38,151.00 and not the full $90,000.00 payment that was due.

21. As a result of the United States' breach of the Agreement, Plaintiffs are entitled to damages in the amount of $51,849.00, plus a lump sum amount equal to the present value of the future annuity shortfalls. Plaintiffs are also entitled to payment of their reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that the Court enter judgment in their favor and against the United States in the amount of $51,849.00, plus a lump sum amount equal to the present

value of the future disparity between the original and reduced annuities, plus costs and interest. Further, Plaintiffs pray that the Court enter judgment for reasonable attorneys' fees pursuant to 28 U.S.C. § 2412, and for any other relief that the Court deems just and proper.

Respectfully submitted,

KING & ATTRIDGE

Dated:  January 24, 2014

John A. King, Esquire
The Anderson House
39 West Montgomery Avenue
Rockville, Maryland  20850
Tel.: (301) 279-0780
Fax: (301) 279-2988
jking@kingattridge.com
*Attorneys for Plaintiffs Pauline M. Stathis,*
*Individually and Guardian for*
*Christina M. Stathis, and*
*Gus J. Stathis and Pauline M. Stathis,*
*Trustees of the Christina M. Stathis*
*Special Needs Trust*